# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2022

Lyle W. Cayce
Clerk

No. 21-51011
CONSOLIDATED WITH
No. 21-51023
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sebastian Batz-Mejia,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-488-1
USDC No. 4:21-CR-525-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51011
c/w No. 21-51023

Sebastian Batz-Mejia appeals his conviction and sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1), along with the revocation of the term of supervised release he was serving at the time of the offense. He has not briefed the validity of the revocation of his supervised release or his revocation sentence and has, therefore, abandoned any challenge to them. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

For the first time on appeal, Batz-Mejia contends that the enhancement of his illegal reentry sentence pursuant to § 1326(b) was unconstitutional because the fact of his prior conviction was not charged in his indictment or proved to a jury beyond a reasonable doubt. He has filed an unopposed motion for summary disposition and a letter brief explaining that he has raised this issue only to preserve it for further review and conceding correctly that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Batz-Mejia's motion is GRANTED, and the district court's judgments are AFFIRMED.